UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CALVIN EUGENE BROWN,

    Petitioner,

v.                                                                               CASE NO. 6:05-cv-350-Orl-31KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 9) to the petition for writ of habeas corpus. Petitioner filed a reply to the response (Doc. No. 12).

*Procedural History*

Petitioner was charged by amended information with unlawful sale or delivery of a controlled substance and unlawful possession of a schedule controlled substance in excess of ten grams. A jury trial was held, and Petitioner was found guilty as charged in the amended information. On October 4, 2000, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to each count, with the sentences to run concurrently.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed

*per curiam* on April 23, 2002.  Mandate was issued on May 10, 2002.[1]

On May 13, 2004, Petitioner, through counsel, filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief with the state trial court, which was denied on July 29, 2004. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on November 2, 2004.[2]

*Petitioner's Habeas Petition is Untimely*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Respondents did not include a copy of the mandate.  In the future, Respondents should do so.  Petitioner provided the relevant date in his habeas petition.

[2] Respondents did not include a copy of the *per curiam* affirmance.  In the future, Respondents should ensure that a complete record is provided to this Court.

In the present case, Petitioner's conviction became final under Florida law on May 10, 2002, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on July 22, 2002, which was ninety days after entry of the appellate court's order affirming *per curiam. See* Sup. Ct. R. 13(3).[3] Petitioner then had until July 22, 2003, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was filed, through counsel, on March 7, 2005.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. There was no tolling in this case because Petitioner's postconviction motion was filed after the one- year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining

---

[3]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

to be tolled."), *cert. denied*, 531 U.S. 991 (2000). Petitioner mentions that equitable tolling should apply because of the following: 1) he suffers from severe mental incompetency and depression; and 2) his attorney failed to file a timely motion for postconviction relief.

The Eleventh Circuit Court of Appeals has recognized the applicability of equitable tolling to habeas proceedings:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. Equitable tolling is an extraordinary remedy which is typically applied sparingly.

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted) (citations omitted).

Petitioner argues in issue one that he suffers from severe mental incompetency and depression, and he provides a copy of a decision rendered by an Administrative Law Judge on February 19, 1998, wherein it was determined that Petitioner was "disabled." Assuming, without deciding, that mental incompetency might support the equitable tolling of the one-year period of limitation, Petitioner still has not shown that the mental illness rendered him unable to pursue his legal rights during the relevant time period. *See Edwards v. Dretke*, No. 3:03-CV-0807-K, 2005 WL 119471, at *3 (N.D. Tex. January 19, 2005) (finding that, if equitable tolling is available for mental incompetency, it is only available when the asserted mental illness rendered the petitioner unable to pursue his legal rights during the relevant time period.). Although the medical records attached to the instant petition reveal a "mental impairment," the records do not show that Petitioner was unable to manage his affairs, understand his legal rights, or act upon them. Additionally, the Administrative Judge's decision was rendered in 1998, yet Petitioner still was able to participate during his criminal trial (in 2000), his direct appeal (through 2002), and his Rule 3.850 motion (in 2004). Petitioner simply has not shown that his mental state rendered him incapable of timely

pursuing his legal rights. Certainly, there has been no showing that Petitioner's alleged mental incompetence rendered him unable to comply with the one-year period of limitation.

Further, and more importantly, "when mental incompetency occurs well before the expiration of the statute of limitations, and the prisoner has not shown that he diligently pursued his application the remainder of the time and still could not complete it on time, equity does not require tolling." *Id*. (quotation omitted) (citation omitted). Here, Petitioner has shown insufficient diligence to warrant equitable tolling.

Petitioner contends in issue two that his attorney failed to file a timely motion for postconviction relief. This issue is without merit because "mere attorney negligence does not justify equitable tolling." *Steed*, 219 F.3d at 1300.

Any of Petitioner's other allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Calvin Eugene Brown is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 8th day of December, 2005.

                                                GREGORY A. PRESNELL
                                                UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/8
Counsel of Record